IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA M. NICHOLS,

        Plaintiff,

v.

WBX TRANSPORT, LLC,
CASTLEPOINT NATIONAL
INSURANCE COMPANY, and
ROBERT COUCHMAN,

        Defendants.

1:15-cv-202-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Linda M. Nichols's ("Plaintiff") Motion to Remand [2].

**I.   BACKGROUND**

On April 2, 2014, Plaintiff filed this case against Defendants WBX Transport, LLC, Castlepoint National Insurance Company, and Robert Couchman ("Defendants") in DeKalb County State Court, seeking compensation for damages arising from an April 30, 2013, car accident.  (See Compl. [1.1 at 73-81]).

On January 22, 2015, Defendants filed a petition to remove this case to federal court pursuant to 28 U.S.C. § 1446(b)(3), based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  (Defs.' Pet. for Removal [1] at 3-4).

Defendants claim in their removal petition that only in December 2014 did Plaintiff present information showing that the amount in controversy will exceed $75,000. Within thirty days of this discovery, Defendants filed their removal petition. (Id.)

Besides alleging an amount in controversy greater than $75,000, Defendants also allege Defendant WBX Transport, LLC (the "LLC") is a "Texas corporation with its principal place of business in Texas." (Id. at 2). Defendants allege Defendant Castlepoint National Insurance Company is a "Florida corporation with its principal place of business in Florida," and Defendant Robert Couchman "is a resident of Florida." (Id.).

On January 27, 2015, Plaintiff filed a timely motion to remand [2] the case to state court pursuant to 28 U.S.C. § 1447(c), on the ground that Defendants have not met their burden to show diversity of citizenship. Specifically, Plaintiff argues that Defendants failed to allege the citizenship of each member of the LLC. (Mot. to Remand at 1).

On February 9, 2015, Defendants submitted their Response, to which they attached an "Affidavit of Wayne Box" (the "Affidavit"). Mr. Box purports to be the sole owner and member of the LLC, and a citizen of Texas. (Defs.' Resp. [5] at 4). In her Reply, Plaintiff argues that, because the Affidavit was not included in

2

Defendants' removal petition, the Court cannot consider the Affidavit to determine whether to grant the Motion to Remand.  (See Pl.'s Reply Br. [6] at 1).

## II. DISCUSSION

### A. Legal Standard

In removed cases, the removing defendant has the burden to establish the existence of diversity jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  The Court has diversity jurisdiction over an action in which the amount in controversy exceeds $75,000, and the action is between citizens of different States.  28 U.S.C. § 1332(a)(1).[1]  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  A limited liability company is a citizen of any state of which one of its members is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.

---

[1] Plaintiff does not dispute that the amount in controversy exceeds $75,000.  She argues, rather, that Defendants have not met their burden to show diversity of citizenship between Plaintiff and the members of the LLC.

3

B.     Analysis

Plaintiff argues in her motion to remand that Defendants did not meet their burden to show diversity of citizenship because they failed to allege the citizenship of each member of the LLC.  Defendants attempted to cure their deficient removal petition by submitting the Affidavit showing the citizenship of Mr. Box, who purports to be the sole member of the LLC.  The parties disagree whether the Court can consider the Affidavit in ruling on the motion to remand.  However, the Court does not need to reach this issue.  Even if the Court found it could consider the Affidavit, Defendants still would have failed to meet their burden to show complete diversity because they have not properly alleged the citizenship of Defendant Robert Couchman.

Defendants' removal petition alleges Mr. Couchman "is a resident of Florida."  (Defs.' Pet. for Removal at 2).  However, Defendants are required to show *citizenship*, not residence.  See Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.").  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).  Defendants have not shown Mr. Couchman's

citizenship, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant." See Palmer, 22 F.3d at 1564.

Defendants have had ample opportunity to properly establish that removal is appropriate in this case. Their first opportunity was when they filed their removal petition and supporting documents. Defendants had a second opportunity after Plaintiff filed her motion to remand, putting Defendants on notice that the diversity allegations in their removal petition were deficient. The Court will not grant Defendants another bite at the apple.[2] Because Defendants fail to carry their burden to show that the parties are completely diverse, Plaintiff's motion to remand must be granted.

---

[2]  In Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., the Eleventh Circuit held that a district court's *sua sponte* remand was improper because a court should allow a party to cure a failure to specifically allege citizenship in the notice of removal. 561 F.3d 1294, 1297 (11th Cir. 2009). Artjen does not require the Court to allow Defendants a further opportunity to amend their removal petition. If a party has filed a motion to remand, a court's order to remand is not considered *sua sponte*. See Velchez v. Carnival Corp., 331 F.3d 1207, 1210 (11th Cir. 2003) (upholding remand where the district court granted the remand motion on a "different basis, never asserted by [plaintiff]," because "[w]hen a party moves for remand . . . that party wants to go back to state court. The motion establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects."); Atl. Hosp. of Fla., LLC v. Gen. Star Indem. Co., No. 09-23661-CIV, 2010 WL 5313493, at *2 n.2 (S.D. Fla. Dec. 20, 2010) (denying a motion to reconsider a remand order where the court remanded on grounds other than those raised in plaintiff's motion).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [2] is **GRANTED** and the Clerk of Court is **DIRECTED** to **REMAND** this action to the State Court of DeKalb County.

**SO ORDERED** this 19th day of August, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE