IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA M. NICHOLS,

            Plaintiff,

v.

WBX TRANSPORT, LLC,
CASTLEPOINT NATIONAL
INSURANCE COMPANY, and
ROBERT COUCHMAN,

            Defendants.

1:15-cv-202-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants WBX Transport, LLC, Castlepoint National Insurance Company, and Robert Couchman's (together, "Defendants") Motion for Reconsideration [9] of the Court's August 19, 2015 Opinion and Order granting Plaintiff Linda M. Nichols's ("Plaintiff") Motion to Remand.

### I.   BACKGROUND

On April 2, 2014, Plaintiff filed this case against Defendants WBX Transport, LLC, Castlepoint National Insurance Company, and Robert Couchman ("Defendants") in DeKalb County State Court, seeking compensation for damages arising from an April 30, 2013, car accident.  (See Compl. [1.1 at 73-81]).

On January 22, 2015, Defendants filed a petition to remove this case to federal court pursuant to 28 U.S.C. § 1446(b)(3), based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  (Defs.' Pet. for Removal [1] at 3-4). Defendants claim in their removal petition that only in December 2014 did Plaintiff present information showing that the amount in controversy will exceed $75,000.  Within thirty days of this discovery, Defendants filed their removal petition.  (Id.)

Besides alleging an amount in controversy greater than $75,000, Defendants also allege Defendant WBX Transport, LLC (the "LLC") is a "Texas corporation with its principal place of business in Texas."  (Id. at 2).  Defendants allege Defendant Castlepoint National Insurance Company is a "Florida corporation with its principal place of business in Florida," and Defendant Robert Couchman "is a resident of Florida."  (Id.).

On January 27, 2015, Plaintiff filed a timely motion to remand [2] the case to state court pursuant to 28 U.S.C. § 1447(c), on the ground that Defendants have not met their burden to show diversity of citizenship.  Specifically, Plaintiff argued that Defendants failed to allege the citizenship of each member of the LLC.  (Mot. to Remand at 1).

On August 19, 2015, the Court granted Plaintiff Linda M. Nichols's ("Plaintiff") Motion to Remand, finding that Defendants failed to carry their burden to show that the parties are completely diverse, because they alleged the residence of Mr. Couchman, rather than his citizenship.  On September 15, 2015, Defendants moved the Court to reconsider.  Defendants argue that Plaintiff's state court Complaint, included in Defendants' removal petition, alleges Mr. Couchman is a citizen of the state of Florida.  (Mot. for Recons. [9-1] at 2).  To their Motion for Reconsideration, Defendants attached their state court Answer, in which Defendants admit the allegation of Mr. Couchman's citizenship.  (Mot. for Recons. at Ex. A [9-2]).

## II. DISCUSSION

### A. Legal Standard

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice."  Rather, such motions are only appropriate when "absolutely necessary" to present:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted).  Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice

requires.  Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

    B.    Analysis

In removed cases, the removing defendant has the burden to establish the existence of diversity jurisdiction.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  To establish diversity, Defendants are required to show citizenship, not residence.  Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough.").  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Defendants argue the Court should reconsider its Order granting Plaintiff's Motion to Remand on the ground that Defendants did, in fact, show diversity of citizenship.  Defendants' argument fails.  First, Plaintiff's state court Complaint only provides the Court with Plaintiff's allegation of Mr. Couchman's citizenship, and is silent as to Defendants' position on citizenship.  The burden to show

diversity is on Defendants, Williams, 269 F.3d at 1319, and the allegations contained in Plaintiff's state court Complaint do not satisfy the burden.[1]

Second, Defendants' state court Answer—attached to their Motion for Reconsideration and not previously submitted to the Court—is not newly-discovered evidence, and therefore is not properly before the Court. See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007) (holding evidence that could have been discovered and presented on the previously-filed motion is not newly-discovered); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").[2]

---

[1] The Court notes that Plaintiff's state court allegation of Mr. Couchman's citizenship is buried in the seventy-fourth page of Exhibit A to Defendants' notice of removal. It is not the Court's duty to scour the record in an attempt to find evidence to satisfy Defendants' burden to show diversity. Cf. Atlanta Gas Light Co. v. UGI Utils., 463 F.3d 1201, 1208 n.11 (11th Cir. 2006) ("Neither the district court nor this Court has an obligation to parse the summary judgment record to search out facts or evidence not brought to the court's attention."); Interface, Inc. v. Tandus Flooring, Inc., No. 4:13-cv-46-WSD, 2014 WL 273446, at *3 (N.D. Ga. Jan. 22, 2014) ("The Court is not required to scour through the record for the evidence upon which the Plaintiffs relied in their Motion for Preliminary Injunction.").

[2] Even if the Court could consider Defendants' state court Answer, it is unclear whether this evidence would be sufficient to establish diversity of

As the Court noted in its Order granting Plaintiff's Motion to Remand, Defendants have had ample opportunity to properly establish that removal is appropriate in this case.  Their first opportunity was when they filed their removal petition and supporting documents.  Defendants had a second opportunity after Plaintiff filed her motion to remand, putting Defendants on notice that the diversity allegations in their removal petition were deficient.[3]  The Court declined to grant Defendants another bite at the apple, and declines to reconsider that decision here. Defendants have not satisfied their burden to show the parties are diverse.  They

---

citizenship.  An allegation of citizenship before a state court may be different than citizenship for purposes of establishing diversity jurisdiction in federal court.  See Travaglio, 735 F.3d at 1269 (defining citizenship for purposes of diversity jurisdiction to require residence and an intention to remain indefinitely).  In part for this reason, Defendants' reliance on Molinos Valle del Cibao C. por A. v. Lima is misplaced.  633 F.3d 1330, 1342-43 (11th Cir. 2011).  In Molinos, the Eleventh Circuit used an admission of citizenship in a defendant's answer to a complaint to find that the court had diversity jurisdiction.  Id.  The answer in question, however, was filed in federal court rather than state court, and was also properly before the court rather than newly-submitted on a motion for reconsideration.  Id.

[3]  Even if the Court could find that Defendants properly alleged Mr. Couchman's citizenship, remand would still be required because Defendants also have failed to properly allege the citizenship of WBX Transport, LLC.  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  The Court may only look to the notice of removal and accompanying documents to determine whether Defendants have met their burden to establish diversity.  Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 (11th Cir. 2007).  Defendants' removal documents do not identify the members of WBX Transport, LLC or the citizenship of its members, and remand is required for this reason as well.

6

have also failed to present any newly-discovered evidence, intervening development or change in controlling law, or a need to correct a clear error of law or fact that would warrant the Court's reconsideration of its Order granting Plaintiff's Motion to Remand.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration [9] is **DENIED**.

**SO ORDERED** this 8th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE